IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-11-398 |
| MICHAEL FOREMAN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Defendant Michael Foreman was sentenced to a period of 144 months' imprisonment and three years of supervised release after pleading guilty to Conspiracy to Commit Hobbs Act Robbery. (ECF No. 188.) Foreman is now incarcerated at Volunteers of America halfway house and is scheduled to be released on October 13, 2021. He has filed an Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 308) in light of the COVID-19 Pandemic Crisis. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). The government opposes Foreman's Motion. (ECF No. 316.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Foreman's Motion will be DENIED.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* A defendant may move for compassionate release under § 3582(c)(1)(A) only after he or she "has fully exhausted

1

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Foreman filed an administrative request with the warden of FCI Otisville, where he was previously incarcerated, on May 20, 2020, and that request was denied by the warden on June 16, 2020. (*See* ECF No. 310 at 5.) The government concedes that Foreman has satisfied the procedural requirements of 18 U.S.C. § 3582(c)(1)(A). (ECF No. 316 at 2.) Therefore, the Court must determine: (1) whether Foreman has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the

2

Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). This Court has held, for instance, that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020); *see also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Under the first prong, Foreman fails to identify any extraordinary and compelling reasons for his release. The Court notes that Foreman tested positive for COVID-19 in March 2020 and that he unfortunately seemed to experience severe illness as a result. (*See* ECF No. 310 at 12.) Additionally, despite his subsequent recovery, Foreman continues to experience lingering shortness of breath as a result of his COVID-19 infection. (ECF No. 308 at 6.) Foreman does not demonstrate, however, that he suffers from conditions that compellingly elevate his risk of becoming seriously ill from COVID-19 in the future, nor that his detention at his current facility increases the likelihood that he will contract COVID-19 again.

Although Foreman's motion for compassionate release fails on the threshold of the first prong, the Court notes that if Foreman had identified extraordinary and compelling reasons for his release, consideration of the § 3553(a) factors would have weighed in favor of Foreman's release. In imposing a sentence, § 3553(a) directs courts to consider, *inter alia*, "the nature and

3

circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (2)(C). Foreman has already served about 78% of his 144-month sentence (*see* ECF No. 308 at 2), and as the government acknowledges, Foreman has not been charged with any disciplinary infractions during his time in BOP custody (*see* ECF No. 316 at 5). Indeed, in light of Foreman's hospitalization and the lingering effects of his coronavirus infection, "the actual severity of [his] sentence as a result of the COVID-19 outbreak exceeds what the Court anticipated at the time of sentencing." *United States v. Mel*, Crim. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020).

Although the Court acknowledges the very real danger posed by the COVID-19 pandemic and Foreman's legitimate concerns about his health and living situation, Foreman does not identify extraordinary and compelling reasons for judicial relief. *See United States v. Taylor*, Civ. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release[.]"). Accordingly, Foreman's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 308) must be DENIED.

DATED this \_\_11\_\_ day of January, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge

4